CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 23 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRENDA SPENCER,<br>  Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 7:06CV00420 |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>  Defendant. | )<br>) By:  Hon. Michael F. Urbanski<br>)      United States Magistrate Judge<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff Brenda Spencer ("Spencer") filed this action challenging the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. §§ 401-433. Jurisdiction is based upon 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, see 28 U.S.C. § 636(c)(2), and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the court concludes that the Administrative Law Judge ("ALJ") failed to conduct a proper credibility assessment under Social Security Ruling ("SSR") 96-7p and, thus, that the case must be remanded for further analysis.

I.

The court's review of a final decision regarding disability benefits under the Act is limited to a determination of whether there is substantial evidence to support the ALJ's findings. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The court must not undertake a de novo review of the Commissioner's decision, re-weigh the evidence in the administrative record, or make its own independent filings. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Even if the court may have decided the case differently based on the evidence in the record, it must defer to the Commissioner's decision if it is supported by substantial evidence. Id. Therefore, if substantial evidence exists, the final decision of the Commissioner must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion of a reasonable mind. Richardson, 402 U.S. at 400.

## II.

In making a determination regarding a claimant's credibility, the ALJ must adequately explain the reasons for his findings in the disability determination or decision. In that regard SSR 96-7p provides that "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" Rather, if the ALJ discredits the claimant's testimony, he must give "specific reasons for the finding on credibility, supported by the evidence in the case record, and [such evidence] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight . . . [given] to the individual's statements and the reasons for that weight." SSR 96-7p. If the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (holding that the court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the ALJ). However, if there is not such support in the decision, the

court may not perform an independent analysis of the claimant's credibility. Jolly v. Barnhart, 465 F.Supp. 2d 498, 505 (D.S.C. Sept. 27, 2006).

The ALJ determined that Spencer's allegations are "not totally credible because they are not supported by the documentary medical evidence, the testimony of an impartial vocational expert, or even her own testimony regarding daily activities." (R. 18) This is the only "analysis" in the record on the issue of credibility. The ALJ did not offer anything in support of his finding - he did explain what evidence in the medical record was inconsistent with Spencer's statements nor did he detail which of claimant's statements were inconsistent with the vocational expert's testimony and/or with her reported daily activities. He also did not address Spencer's daughter's testimony which supported and corroborated Spenser's own testimony of total disability. There is simply no support in the written decision for the credibility finding. Accordingly, the court cannot determine whether there is substantial evidence to support the ALJ's determination and, therefore, this case must be remanded for a proper credibility assessment. See SSR 96-7p; 42 U.S.C. § 405(g).

### III.

After a careful examination of the record as a whole, the court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. Therefore, the defendant's motion for summary judgment is denied and the matter shall be reversed and remanded to the Commissioner for a proper credibility assessment.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

**ENTER:** This 20th day of April, 2007.

Michael F. Urbanski
United States Magistrate Judge